## 30161. GILREATH v. THE STATE.

DECIDED SEPTEMBER 29, 1943.

*Stevens & Stevens,* for plaintiff in error.
*J. Cecil Davis, solicitor-general,* contra.

MACINTYRE, J. ■ The evidence showed in part that Marion Marshall testified that he stole the tires described in the indictment, one from Watson and two from Dobbs. He further testified, that when he stole the first tire, the defendant, Gilreath, drove him down to the home of Watson and let him have his jack, and that Gilreath waited on a hill near a filling-station while Marshall stole the tire; that he carried this tire back and gave it to Gilreath, who paid him for it; that sometime later he stole two tires from Dobbs with the knowledge of Gilreath, using Gilreath's jack, and

after he stole them he sold them to Gilreath; that Gilreath sold one of the Dobbs tires to Perry; that Perry sold it to Payne, upon whose car it was found; that Gilreath sold the other Dobbs tire to Farr, in whose possession it was found; that Gilreath sold the Watson tire to Miss Henderson, and that tire was found in her possession. The evidence authorized the verdict.

■ A note to ground 1 of the amendment to the motion for a new trial is as follows: "When the defendant and the State announced ready for trial upon the call of the case, the two named witnesses were called inside the bar by the solicitor-general, who informed the court that it was their property alleged in the indictment to have been received by defendant. Whereupon the court, without any objections from defendant, purged the jury of any relationship to defendants. The witnesses assisted the solicitor in striking the jury; and when defendant asked for sequestration of the witnesses after the jury was stricken, the solicitor stated he was relying on them in the conduct of the case, and asked that they be allowed to remain in the court-room. This request was granted by the court." This ground discloses that Dobbs and Watson were persons whose property was alleged, in a special presentment, to have been stolen, and the jury were purged as to the relationship to the defendant; and that the judge prefaced his statement, that he would allow the witnesses to remain in the court-room, with the following language: "I am holding that in a sense they are special prosecutors in the case; and I think, under the broad discretion of the court, that they have a right to stay in— all the witnesses on whom you rely to furnish information as to the conduct of the case." This ground does not show reversible error, as contended, because: (1) The accused was being tried on a special presentment, and there were no prosecutors named in the special presentment, "and the statement of the court naming prosecutors to remain in the court-room was giving greater weight to the prosecution, more influence to the prosecution, and was in a sense the judgment of the court that these two witnesses were special prosecutors, and thus what the court did was done in a way and manner that was prejudicial to the accused. (2) The holding by the court making the two witnesses 'special prosecutors' was not only an expression of the judgment of the court on these two witnesses, who they were, and the part they were to play in the case,

which expression of opinion and judgment of the court was paramount to an expression of opinion on the facts of the case." See *Shaw* v. *State,* 102 *Ga.* 660 (5) (29 S. E. 477); *McKee* v. *State,* 174 *Ga.* 120 (4), 126 (162 S. E. 139).

■ The solicitor-general was interrupted in his argument to the jury before he completed his statement (the incompleted part of which was objected to). Thus we can not say from the record what the completed statement would have been; and under the circumstances disclosed by the record we can not say that this ground of the motion shows reversible error.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*